**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JUDITH WOODBURY,

     Plaintiff,

v.                                                                                  Case No: 8:16-cv-3229-T-30JSS

C.R. BARD, INC.,

     Defendant.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12) and Plaintiff's Response in Opposition (Doc. 13). Defendant argues that Plaintiff's claims are time-barred by Florida's statute of repose. Upon review, the Court denies Defendant's motion.

## FACTUAL BACKGROUND

Plaintiff Judith Woodbury filed this action in November 2016. Plaintiff is suing Defendant C.R. Bard, the manufacturer of Composix Mesh, for injuries she allegedly sustained as a result of the mesh. As part of her First Amended Complaint (Doc. 11), Plaintiff makes the following allegations:

- On December 9, 1998, a doctor surgically implanted Plaintiff with Bard Composix Mesh to repair a hernia. (First Am. Compl. ¶ 7.)

- Within a few weeks of the surgery, Plaintiff began to experience nausea, vomiting, abdominal pain, and bowel obstructions. These painful symptoms were caused by the mesh, but she did not know this. (*Id*. ¶¶ 7, 8.)

- On October 29, 2014, Plaintiff was admitted to the hospital with a large intra-abdominal abscess. The mesh had perforated her small intestine, causing the abscess. She received surgery to remove the mesh. (*Id*. ¶ 9.)

- During surgery, her surgeon noted and repaired chronic changes to her bowel (i.e., chronic serositis, chronic necrosis, chronic body giant cell reaction, and healed enterocutaneous fistulas of the bowel) in the area surrounding the abscess. These chronic changes "could only have occurred over the course of years." (*Id*.)

- The October 29, 2014 incident showed that the mesh was directly responsible for her painful bowel conditions, and October 29, 2014 was the first time a doctor expressed a medical opinion that the mesh was responsible for her symptoms. (*Id*.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## DISCUSSION

Defendant argues that the Court must dismiss Plaintiff's claims because they are time-barred by Florida's statute of repose. The statute of repose creates a limitations period for commencing certain product liability suits. It states as follows:

> Under no circumstances may a claimant commence an action for products liability . . . to recover for harm allegedly caused by a product with an expected useful life of 10 years or less, if the harm was caused by exposure to or use of the product more than 12 years after delivery of the product to its first purchaser or lessee who was not engaged in the business of selling or leasing the product or of using the product as a component in the manufacture of another product.

Fla. Stat. § 95.031(2)(b). Products are presumed to have an expected useful life of ten years or less unless the manufacturer warranted a longer expected useful life. *Id*. If the manufacturer warranted a longer expected useful life, then a plaintiff need only commence his or her lawsuit within the longer time period warranted. *Id*. In addition, the repose period does not apply if the plaintiff used the product within the repose period but the injury caused by that use did not manifest until after the repose period's expiration. Fla. Stat. § 95.031(2)(c).

Under Florida law, the statute of repose is considered an affirmative defense, similar to the statute of limitations. *See, e.g., Doe v. Hillsborough Cty. Hosp. Auth.*, 816 So. 2d

262, 265 (Fla. Dist. Ct. App. 2002). It is not appropriate for a court to dismiss a complaint

based on an affirmative defense unless "the complaint affirmatively and clearly shows the

conclusive applicability of [the] defense to bar the action." *Reisman v. Gen. Motors Corp.*,

845 F.2d 289, 291 (11th Cir. 1988) (quoting *Evans v. Parker,* 440 So.2d 640, 641 (Fla.

Dist. Ct. App. 1983)).

Plaintiff's First Amended Complaint does not affirmatively and clearly show that

Plaintiff's claims are time-barred by Florida's statute of repose. The statute bars claims

when the product at issue caused the alleged harm more than twelve years after the

product's delivery, unless a statutory exception applies. Fla. Stat. § 95.031(2). As a

preliminary matter, it is not clear that the twelve-year repose period is applicable to this

case.[1] However, even if it is, Plaintiff's claims are not barred because she has alleged that

the mesh caused her harm less than twelve years after its delivery. Specifically, she alleges

that (1) the mesh caused painful symptoms (i.e., nausea, vomiting, abdominal pain, and

bowel obstructions) beginning a few weeks after it was implanted and (2) the mesh caused

chronic changes to her bowel (i.e., chronic serositis, chronic necrosis, chronic body giant

cell reaction, and enterocutaneous fistulas of the bowel) that "could only have occurred

over the course of years" and had to be surgically repaired. When the Court views these

allegations in the light most favorable to Plaintiff, it can reasonably infer that the mesh

---

[1] In her response to Defendant's motion, Plaintiff argues that the twelve-year repose period is inapplicable because (1) Defendant warranted that the mesh was a permanent implant with a useful life of longer than ten years and (2) she suffered a latent injury that did not manifest for more than twelve years after delivery of the mesh. It is not necessary for the Court to address these arguments at this time.

caused Plaintiff harm within the requisite time period. Because Plaintiff is seeking damages for that harm, her claims may move forward.

Discovery will likely assist the Parties in determining the applicability of the statute of repose to this case. If appropriate, Defendant may renew its argument in a motion for summary judgment after the Parties have engaged in discovery.

For the foregoing reasons, it is ORDERED AND ADJUDGED that:

1.     Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12) is denied.

2.     Defendant's Motion for Leave to File a Reply in Support of its Motion to Dismiss (Doc. 15) is denied as moot.

3.     Defendant shall file an answer to Plaintiff's First Amended Complaint within fourteen (14) days of the issuance of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on March 7th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record